UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERTA COMERFORD,

Plaintiff,

vs.

VILLAGE OF NORTH SYRACUSE; NORTH
SYRACUSE POLICE DEPARTMENT; CHIEF
MICHAEL CROWELL; SGT. ANDREW
DEGIROLAMO; SGT. JEFFREY TRIPP and;
JOHN & JANE DOE(S),

Defendants.

**COMPLAINT**

No. 5:18-CV-1143
BKS/TWD

Jury Trial Demanded

---

Plaintiff Roberta Comerford, by and through her attorneys, Bosman Law Firm, L.L.C.

(A.J. Bosman, Esq), for her complaint against the Defendants, VILLAGE OF NORTH

SYRACUSE, NORTH SYRACUSE POLICE DEPARTMENT, CHIEF MICHAEL CROWELL,

SGT. ANDREW DEGIROLAMO, SGT. JEFFREY TRIPP; JOHN DOE(S) and JANE DOE(S),

states as follows:

## INTRODUCTION

1.      The nature of this action is one which seeks to recover money damages and other

relief against Defendants for, *inter alia*, discrimination on the basis of gender, hostile work

environment, the intentional infliction of emotional distress, defamation, breach of contract,

tortious interference with a contractual relationship, and retaliation arising from Plaintiff's

employment with the Village of North Syracuse and North Syracuse Police Department. The

Plaintiff has been subjected to ongoing violations of her rights under the U.S. and New York

1

Constitutions, the laws of the State of New York; 42 U.S.C. Section 1983 and Title VII of the Civil Rights Act of 1964, as amended (Titled VII).

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Sections 1331; 1441; 1443; and 1446 and the U.S. Constitution.

## PARTIES

3.     Plaintiff Roberta Comerford is a female citizen of the United States and is a resident of the County of Onondaga and State of New York. She was at all times relevant herein an employee of former employee of the Village of North Syracuse and/or the North Syracuse Police Department from on or about January 2, 1998 until sometime after January 5, 2018.

4.     Defendant Village of North Syracuse is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 600 South Bay Road, North Syracuse, New York 13212. At all times relevant hereto, Plaintiff was an employee or former employee of the Village and the hereinbefore named individual Defendants. The Village of North Syracuse and the North Syracuse Police Department are by law responsible for the wrongdoing of officers and employees of the North Syracuse Police Department and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the Defendants. The North Syracuse Police Department and the Village of North Syracuse were aware, through its officers, legislators, and agents, of long-standing unlawful customs, policies and practices of the other named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the Defendants.

2

5. Defendant Michael Crowell, at all times relevant to this Complaint, was the duly appointed Chief of the Defendant North Syracuse Police Department. As such, he is the employer of the Plaintiff and the other named individual Defendants. As Chief of the North Syracuse Police Department, Defendant Crowell was responsible, *inter alia*, for the training, supervision, discipline and conduct of the Plaintiff and the other named Defendants. By law, Defendant Crowell was responsible for enforcing the rules and regulations of the State of New York and the Village of North Syracuse. All employees of the North Syracuse Police Department had a duty to obey the laws of the State of New York and the United States. As supervisor of the named Defendants, Defendant Crowell had a duty to insure that his employees obey the law. As Plaintiff's supervisor during her employment at the North Syracuse Police Department, Defendant Crowell at all pertinent times referenced herein, acted under color of and had the power to make personnel decisions regarding Plaintiff's employment. Defendant Crowell is sued in his official and individual capacity.

6. Sergeant Andrew DeGirolamo, at all times relevant to the Complaint, was a duly appointed Sergeant of the North Syracuse Police Department. Defendant DeGirolamo personally participated in the acts alleged herein. As a North Syracuse Police Department Sergeant, Defendant DeGirolamo is responsible by law for enforcing the rules and regulations of New York State and the Village of North Syracuse. At all pertinent times referenced herein, Defendant DeGirolamo acted under color of law and is responsible, for insuring that employees of the North Syracuse Police Department obey the laws of the State of New York and the United States. Defendant DeGirolamo is sued in his individual and official capacity.

7. Defendant Jeffery Tripp, at all times relevant to the Complaint, was a duly

appointed Sergeant of the North Syracuse Police Department. Defendant Tripp personally participated in the acts alleged herein. At all pertinent times referenced in this Complaint, Defendant Tripp acted under color of law and is responsible, by law, for enforcing the rules and regulations of New York State and the Village of North Syracuse and for insuring that employees of the North Syracuse Police Department obey the laws of the State of New York and the United States. Defendant Tripp is sued in his individual and official capacity.

8.     Defendants John Doe(s) and Jane Doe(s) are officials, representatives, agents and/or employees of the Village of North Syracuse whose identities are unknown at this time. Plaintiff intends to substitute individuals in place of John Doe(s) and Jane Doe(s) designations.

9.     All of the above-named Defendants are responsible for the establishment and perpetuation of a hostile work environment, discriminatory and retaliatory policies, customs, practices and habits of the North Syracuse Police Department and the individual defendants also aided and abetted the unlawful conduct described herein. The Defendants are equally responsible and legally accountable for the unlawful conduct of each other for this action and/or failing to intercede and prevent the discriminatory and retaliatory conduct.

10.     During all times mentioned in this Complaint, Defendants were acting within the scope of their employment and under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the Village of North Syracuse in the State of New York.

## FACTS

11.     Throughout the course of Plaintiff's employment with the North Syracuse Police Department, Plaintiff was subjected to continuous intentional, negligent and reckless series of

illegal, discriminatory and retaliatory acts, unfair actions, policies, practices, and procedures because of Plaintiff's gender and/or because of her assertion of her contractual, civil and constitutional rights. Said wrongs, acts, and violations include, but are not limited to, discriminatory and retaliatory work assignments and duties; disparaging and offensive comments regarding women by supervisors and co-workers; disparaging and offensive treatment by co-workers and supervisors; denial of overtime; retaliatory surveillance of Plaintiff; heightened scrutiny, counseling and disciplinary memoranda; false accusations about Plaintiff's performance; being held to higher standards than male officers, defamatory statements regarding Plaintiff's employment with the North Syracuse Police Department and wrongly accused of misconduct and stripped of her rank without due process.

12.    At all times relevant herein, the Defendants were acting under the color of state law. On or about July 18, 2016, Plaintiff was informed that Defendant Tripp, who had recently been appointed as sergeant, would be Plaintiff's supervisor and the he would approve Plaintiff's time off.  Plaintiff was duly appointed as sergeant on or about December 14, 2006. Upon information and belief, it is against North Syracuse Police Department policy and custom to require a male senior sergeant to report to a newly appointed sergeant. Plaintiff filed a grievance with the Union regarding how Defendant Crowell continued to give Defendant Tripp supervisory duties over the Plaintiff. Upon information and belief, as a response to Plaintiff's grievance, Defendant Crowell told the officers at the North Syracuse Police Department that they did not have to listen to Plaintiff despite her rank.

13.    On or about August 14, 2016, Plaintiff was training a junior officer.  Plaintiff attempted to teach the Officer by allowing him to handle a simple DWI incident.  Plaintiff had

years of experience in teaching and supervising younger officers. Nonetheless, Defendant Crowell disciplined Plaintiff for her methods. In disciplining Plaintiff's methods, Defendant Crowell targeted Plaintiff's competency as an officer, ability to supervise and train, as well as Plaintiffs trustworthiness.

14.     Plaintiff was guaranteed twelve overtime shifts a year. On or about August 24, 2016, Plaintiff was denied overtime by Defendant Tripp. Plaintiff had previously provided a list of dates during which Plaintiff would have military duty and be unavailable for overtime. Upon information and belief, Defendant Tripp, deliberately and knowing that Plaintiff would be unavailable, offered Plaintiff overtime when she was unable to take it due her military obligation, and marked her down as refusing overtime.

15.     On or about August 25, 2016 Defendant Crowell emailed Plaintiff multiple times in one shift about missing reports. To complete the reports she needed a report from the junior male officer. Plaintiff advised Defendant Crowell that when Plaintiff emailed the junior male officer requesting his report, the junior male officer ignored her and never responded. Defendant Crowell refused to address the issue with the junior male officer, instead Defendant Crowell criticized her and disciplined the Plaintiff.

16.     On or about September 8, 2016, Plaintiff was questioned by Defendant Crowell in front of the male co-workers  regarding how Plaintiff handled a DWI call. Defendant Crowell demeaned and challenged Plaintiff with questions loud enough for everyone to hear. Plaintiff was never allowed to respond to any of these questions because Defendant Crowell would cut her off and/or spoke over her every time she made an attempt to answer.

17.     On or about September 12, 2016, Defendant Tripp was on paperwork detail at the

station and the Plaintiff was in the middle of making an arrest on the road when radio notification of an incident occurring at a gas station had the possibility of turning violent and needed police intervention. When Plaintiff contacted the station to talk to Defendant Tripp, and no one responded. The Plaintiff had to respond to the scene by herself and request backup from another police department because Defendant Tripp refused to respond.

18.     On or about September 14, 2016, Defendant Crowell called the Plaintiff into his office to unlawfully direct her to un-arrest a suspect, questioning Plaintiff's knowledge and understanding of the law. Defendant Crowell would not listen to Plaintiff in response or consider the evidence that supported that decision. On or about September 23, 2016 Defendant Crowell again emailed the Plaintiff about the same arrest, unlawfully directing Plaintiff to rescind the arrest and re-arrest the suspect. Upon information and belief , Defendant Crowell was later informed that the arrest was legal by the Assistant District Attorney.

19.     On or about September 27, 2016 after leaving a training site Plaintiff received notice of charges Defendant Crowell had brought against her seeking demotion of Plaintiff to Police Officer. Upon information and belief, Defendants Crowell and DeGirolamo with other officers were drinking after Plaintiff left the training site, celebrating her demotion and the charges against her. At no point did Defendant Crowell talk to Plaintiff about the charges or demotion.

20.     On or about September 28, 2016, Plaintiff was informed that as a Civil Service Sergeant Defendant Crowell could not demote Plaintiff without due process. Upon information and belief Defendant Crowell had posted a "demotion memorandum" on the bulletin board at work first thing in the morning for all of the department to see.

21.     Plaintiff was subjected to additional isolation. After the "demotion", Plaintiff's

shift was altered and she was put on the 2-10 pm shift. Unlike Plaintiff's male co-workers, she

was frequently forced to work the shift alone due to Defendants DeGirolamo and Tripp not

filling a shift until 7 pm, making Plaintiff work most of her shift alone.

22.     On or about October 5, 2016, Plaintiff received a letter at her house from

Defendant Crowell, rejecting Plaintiff's written challenge to her discipline.

23.     On or about October 6, 2016, Plaintiff filed a grievance with the Union regarding

the charges brought against her.

24.     On or about October 7, 2016, Plaintiff sent a letter to Mayor Butterfield

challenging the disciplinary charges against her.

25.     On or about October 20, 2016, Defendant Crowell disparaged Plaintiff by

referring to Plaintiff only as "her" or "she" and addresses envelopes to Plaintiff as such. On

information and belief, no male officers are referred to as pronouns

26.     On or about November 28, 2016, Plaintiff's father died. That same day, after

making funeral arrangements, Plaintiff called work to speak to Defendant Crowell, but her call

was transferred instead to Defendant Tripp. Plaintiff asked to take three days of bereavement

leave and one vacation day. Defendant Tripp subjected Plaintiff to extreme emotional distress

by arguing with Plaintiff that she could not have the next day off because it was less than sixty

hours away from her shift.

27.     On December 2nd , 2016 Plaintiff attended her father's funeral. None of her

supervisors including the above named Defendants came to calling hours or the service. Upon

information and belief, the Defendants attend services for male officer's family members. That

same day Defendant DeGirolamo was promoted to Plaintiff's Sergeant position.

28.     On or about December 15, 2016 the Plaintiff spoke at a Union meeting at the police station. Among other comments, Plaintiff vented about her frustrations, being discriminated and retaliated against, and treated unfairly.

29.     On or about December 16, 2016 the Police Clerk called Plaintiff and informed her that Defendant Tripp inquired about the Union meeting and what was said the night before. Upon information and belief, Defendant Tripp reviewed and listened to the security camera footage of the union meeting. Such conduct was intended to subject Plaintiff to undue scrutiny and on information and belief, male officers statements are not reviewed or scrutinized by Defendants.

30.     On or about December 23, 2016 Defendant DeGirolamo demanded a memorandum about where Plaintiff went when she was late to a call. The Plaintiff told Defendant DeGirolamo that she had the wrong address and she wrote a memorandum of her actions. When Defendant DeGirolamo received the memorandum, he began screaming at the Plaintiff at the top of his lungs that the Plaintiff was a liar and continued to yell for several minutes. When Plaintiff denied being a liar, Defendant DeGirolamo ordered Plaintiff to write a second memorandum explaining her actions "turn for turn" and that Plaintiff could not go home until it was done.

31.     On or about January 10, 2017, Plaintiff received a counseling memorandum regarding going to the wrong address by Defendant DeGirolamo who again falsely accused Plaintiff of lying. He thereafter Ordered Plaintiff to advise control "over the air" of the "error of her ways" to humiliate and embarrass Plaintiff.

32.     On or about March 25, 2017, Plaintiff was required to write a memorandum to

9

Defendant DeGirolamo for entering a restaurant with another co-worker to order take-out. Male officers who entered a restaurant were not subjected to such a requirement.

33. On or about March 29, 2017, Plaintiff received a memo from Defendant Crowell related to an investigation for potential charges of insubordination for eating in the restaurant. Upon information and belief Defendant DeGirolamo informed Plaintiffs male co-worker who entered the restaurant with her not to worry about any insubordination charges because he was not the target and his charges would go away. The discipline memo was left in Plaintiff's residential mailbox addressed to "Comerford." On information and belief, at no time was any male officer subjected to such charges.

34. On or about April 4, 2017, Plaintiff was directed to write two memos regarding matters which were never similarly demanded of her male co-workers or in accord with common practice in the department.

35. Plaintiff was Ordered by Tripp to write a memo for being late when she took one hour of personal leave due to illness. The Plaintiff went to the emergency room after work. Thereafter, on or about April 24, 2017 Defendant Crowell, informed Plaintiff via memo that she was being investigated for being AWOL for the April 4th absence.

36. On or about April 30, 2017 Defendant Crowell mailed correspondence to Plaintiff informing her that she was being investigated for "insubordination". On information and belief, male officers are subjected to such scrutiny or conduct.

37. On or about June 12, 2017, Plaintiff entered into a stipulation and contract with the Union and the Village of North Syracuse in which it was agreed that Plaintiff's rank as Senior Sergeant would be restored and that all charges would be expunged as though they never existed.

10

Plaintiff also agreed to retire effective January 5, 2018.

38. Thereafter Defendants sought to undermine her supervisory rank again when Defendants Crowell and DeGirolamo ordered the other Officers working with Plaintiff to go on a detail every day. Defendants also advised officers working with Plaintiff that they did not have to follow orders Plaintiff gave as supervisor. This continued until Plaintiff physically left on leave on or about September 1, 2017. Further, no announcement of Plaintiff's restored rank was posted until August 28, 2017, without referencing Plaintiff's rank, posting only Plaintiff's name.

39. On or about September 7, 2017, Plaintiff was hired by Chief Stassi and Hamilton Police part time as a police officer. Plaintiff had previously worked with Chief Stassi for 19 years at the North Syracuse Police Department.

40. On or about December 11, 2017, Plaintiff is hired by Jordan Police as a part time police officer.

41. On or about January 23, 2018, The Officer in Charge of Jordan Police Department informed Plaintiff that her police certification had been revoked. Plaintiff contacted New York State Division of Criminal Justice Services who informed Plaintiff that Chief Crowell filed a document falsely advising that Plaintiff had retired in lieu of charges that would have resulted in Plaintiff's termination.

42. As a result of the false statement by Defendant Crowell, on or about January 25, 2018, Plaintiff was forced to return all work equipment and was taken off the schedules at both Jordan and Hamilton police departments.

43. Plaintiff's police certification was not reinstated until on or about February 15, 2018.

44. As a result of the unlawful conduct of the Defendants, Plaintiff was subjected to harm, injury and damages as follows:

a. Plaintiff has been deprived of income in the form of wages, promotion opportunities and job assignments which were made or denied because of Plaintiff's gender and/or protected activity and Defendants' discriminatory acts, policies, customs, and practices;

b. Plaintiff has suffered physical harm in the form of tension headaches, stomach aches and upset, sleeplessness, nervousness, fear and dread;

c. Plaintiff has been forced to suffer severe emotional distress, mental stress, anxiety, depression and psychological trauma;

d. Plaintiff has been denied equitable employment compensation, equitable employment terms and conditions and privileges of employment;

e. Plaintiff was subjected to humiliation, indignity and shame;

f. Plaintiff has suffered injury to her family and community relations amongst her peers and co-workers;

g. Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future to protection Plaintiff's rights and interests from the wrongful actions of the Defendants herein;

h. Plaintiff has suffered deprivation of her liberty, invasion of her privacy and has otherwise suffered deprivation of her human, civil and constitutional rights in violation of the laws and constitutions of the United States and the State of New York.

i.      Plaintiff has been otherwise damaged.

## AS AND FOR THE FIRST CAUSE OF ACTION
## PURSUANT TO THE NEW YORK STATE HUMAN RIGHTS LAW

45.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44 above.

46.      By engaging in the forgoing conduct, Defendants Village of North Syracuse, North Syracuse Police Department, Michael Crowell, Andrew DeGirolamo, Jeffery Tripp, and John Doe(s) and Jane Doe(s) have violated rights guaranteed to the Plaintiff under the Human Rights of Law of the State of New York, in that Plaintiff was subject to discrimination, including a hostile work environment, because of her gender.

47.      Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE SECOND CAUSE OF ACTION
## PURSUANT TO THE NEW YORK STATE HUMAN RIGHTS LAW

48.      Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 47 above.

49.      By engaging in the forgoing conduct, Defendants Village of North Syracuse, North Syracuse Police Department, Michael Crowell, Andrew DeGirolamo, Jeffery Tripp, and John Doe(s) and Jane Doe(s) have violated rights guaranteed to the Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was retaliated against for opposing discrimination, including a retaliatory hostile work environment.

50.      Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE THIRD CAUSE OF ACTION
## UNDER TITLE VII FOR DISCRIMINATION BASED ON GENDER

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 50 above.

52. By engaging in the forgoing conduct, Defendants Village of North Syracuse and North Syracuse Police Department, as Plaintiff's employers, as that term is defined under Title VII of the Civil Rights Act of 1964, as amended, violated rights guaranteed to the Plaintiff under Title VII, in that the Plaintiff was subjected to discrimination in matters relating to the terms, conditions and privileges of her employment because of her gender.

53. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE FOURTH CAUSE OF ACTION
## UNDER TITLE VII BASED ON HOSTILE WORK ENVIRONMENT

54. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 53 above.

55. By engaging in the forgoing conduct, Defendants Village of North Syracuse and/or the North Syracuse Police Department violated rights guaranteed to the Plaintiff under Title VII in that the Plaintiff was harassed and subjected to disparate treatment and a hostile work environment because of her gender.

56. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## UNDER TITLE VII BASED ON RETALIATION

14

57.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 56 above.

58.     By engaging in the forgoing conduct, Defendants Village of North Syracuse and/or North Syracuse Police Department violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was retaliated against and subjected to a retaliatory hostile work environment because of her opposition to discrimination on the basis of gender.

59.     Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

60.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 59 above.

61.     By engaging in the forgoing conduct, Defendants Village of North Syracuse, North Syracuse Police Department, Michael Crowell, Andrew DeGirolamo, Jeffery Tripp, and John Doe(s) and Jane Doe(s) have violated rights guaranteed to the Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that Plaintiff was discriminated against because of her gender and/or protected activity.

62.     With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute unlawful municipal custom, practice or policy since they are the actions and omissions of the policymaking officials of the Village of North Syracuse and/or the North Syracuse Police Department. In addition, said municipal Defendants failed to adequately train or discipline officers and supervisors on the rights of employees to be free from hostile

work environment, discrimination, and/or retaliation.

63.     Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE SEVENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983

64.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 63 above.

65.     By engaging in the forgoing conduct, Defendants Village of North Syracuse, North Syracuse Police Department, Michael Crowell, Andrew DeGirolamo, Jeffrey Tripp, and John Doe(s) and Jane Doe(s), acting under color of law, have violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for exercising her First Amendment rights to free speech.  Plaintiff's complaints and grievances addressed disparate treatment, wrongdoing, and unlawful conduct of members of the North Syracuse Police Department and thus concerned a matter of public interest.

66.     With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute a municipal policy of retaliation since they are the actions and omissions of the  policy making officials of the Village of North Syracuse and/or the North Syracuse Police Department. In addition, said municipal Defendants, created, maintained and/or fostered a custom, policy or practice of retaliation thereby causing Plaintiff's injury and harm.

67.     Plaintiff has sustained damages by reason of Defendants' wrongful actions and omissions and is entitled to compensation therefor.

16

## AS AND FOR THE EIGHTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

68.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 67 above.

69.     The Defendants were at all times relevant herein acting under the color of state law. The discriminatory discipline, lack of promotion, retaliation, and disparate treatment of women employees of the North Syracuse Police Department and/or the Village of North Syracuse is so pervasive and widespread that it has the effect of a custom, practice and/or policy, harming the Plaintiff.

70.     Defendant Crowell had final policymaking authority in which he failed to enforce and/or insure the enforcement of law prohibiting such discriminatory and retaliatory treatment. Additionally, Defendant DeGirolamo and Defendant Tripp had authority and control as supervisors of the Plaintiff, including the authority to supervise and discipline.

71.     Defendants Crowell, DeGirolamo, Tripp and other policy making officials knew of the past and present discriminatory practices and polices of the North Syracuse Police Department and/or the Village of North Syracuse and did not and have not acted to correct same. Further, these supervisory Defendants knew of the acts of the other Defendants in creating and subjecting Plaintiff to discrimination and retaliation and did not act to prevent or correct same in violation of Plaintiff's rights.

72.     Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THE NINTH CAUSE OF ACTION
## BREACH OF CONTRACT

73.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 72 above.

74.    Plaintiff is a civil service employee and as is protected by the contract in effect entered into by the North Syracuse Police Department and its employees. Such contract requires good faith and fair dealing, bars the imposition of discipline without just cause, compels the employer to provide due process, and provides in sum and substance that Plaintiff's rights to compensation and benefits will not be diminished or compromised.

75.    Defendants Village of North Syracuse and/or the North Syrcause Police Department, through their agents Crowell, DeGirolamo, Tripp, John Doe(s) and Jane Doe(s), have discriminated against the Plaintiff and subjected her to unequal treatment and discipline without just cause, and/or on account of her gender as well, constituting breach of contract.

76.    The Defendants acted with malice and/or with reckless disregard to deprive Plaintiff of her rights, causing her injuries and damages entitling her to compensation therefore.

## AS AND FOR THE TENTH CAUSE OF ACTION
## DEFAMATION AGAINST DEFENDANT CROWELL

77.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 76 above.

78.    As aforementioned, Defendant Crowell intentionally communicated untrue statements about Plaintiff to the State of New York Division of Criminal Justice Services that Plaintiff retired in lieu of charges that would have resulted in Plaintiff's termination.

79.    The aforementioned statement is false and defamatory to the Plaintiff and was uttered with malice and ill will knowing its falsity.

80. As a result, Plaintiff sustained damages as aforementioned, and causing her injuries and damages entitling her to compensation therefore.

## AS AND THE AN ELEVENTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE AGAINST CROWELL

81. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 80 above.

82. By the aforementioned actions and omissions, the individual Defendants intentionally interfered with Plaintiff's employment with the North Syracuse Police Department and the Hamilton and Jordan Police Departments.

83. As a result, Plaintiff was subjected to constructive termination and sustained damages as aforementioned, entitling her to compensation therefor.

## AS AND THE A TWELFTH CAUSE OF ACTION
## PURSUANT TO THE NEW YORK CONSTITUTION

84. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 83 above.

85. Article 1 Section 11 insures that Plaintiff will receive equal protection under the law within the state of New York. By the aforementioned actions and omissions, the Defendants denied Plaintiff rights guaranteed under the New York Constitution.

86. The same wrongful conduct of the Defendants herein which violates the Plaintiff's rights under the Constitution and laws of the United States also violates Plaintiff's rights under

the Constitution of the State of New York, in particular, Article I thereof, Sections 8 and 11.

87. As a result, the Plaintiff is entitled to recover damages under the Constitution of the State of New York.

88. By reason of the Defendants' wrongful conduct, the Plaintiff has been injured as set forth more fully above and is entitled to compensation therefore

## PUNITIVE DAMAGES

89. The acts and/or omissions of the Defendants herein were outrageous; were done in a deliberate, callus, malicious, wanton and oppressive manner intended to injure Plaintiff; were done with improper and evil motive, amounting to malice and spite; and were done in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

a.    judgment awarding Plaintiff compensatory damages in an amount not less than $750,000.00;

b.    judgment awarding Plaintiff punitive damages in an amount not less than $1,000,000.00;

c.    for each Cause of Action, granting the following injunctive relief:

    1.    Restraining the Defendants from engaging in further discriminatory and/or retaliatory treatment;

2. Require the Defendants to review and finally correct all unconstitutional discriminatory and retaliatory treatment and conduct within the North Syracuse Police Department;

3. Provide equal opportunities, terms, benefits, and pay to all women employees in the North Syracuse Police Department;

4. Mandate training and educational programs for employees about discrimination and retaliation and subject to confirmation;

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation free workplace;

d. interest on all amounts due;

e. attorney's fees under 42 U.S.C. § 1988 and/or other applicable law;

f. declaratory relief that the Defendants have violated the Plaintiff's rights under the law;

g. granting such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: October 29, 2018
at Rome, New York

A.J. Bosman, Esq.
Bosman Law, L.L.C.
201 West Court Street
Rome, New York 13440